# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL LASTER, | CASE NO. 1:11-cv-01152-LJO-SKO PC |
|     Plaintiff, | ORDER REFERRING CASE TO SETTLEMENT WEEK PROGRAM AND SETTING SETTLEMENT CONFERENCE |
| v. | |
| R. ATHEY, | Date:  June 14, 2013<br>Time:  1:30 p.m. |
|     Defendant. | Place:  Courtroom 6 before the Honorable Michael J. Seng |

Plaintiff Michael Laster, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 13, 2011, and it is proceeding against Defendant Athey for violation of the Eighth Amendment of the United States Constitution. Upon review, the Court finds it appropriate to include this action in the Eastern District of California's Settlement Week Program, and to set it for a settlement conference before United States Magistrate Judge Michael J. Seng on June 14, 2013, at 1:30 p.m. at the federal courthouse in Fresno, California.

Accordingly, the Court HEREBY ORDERS as follows:

1. This case is referred to the Prisoner Settlement Program and set for a settlement conference on June 14, 2013, at 1:30 p.m. at the U. S. District Court, 2500 Tulare Street, Fresno, California, 93721, in courtroom #6.

///

///

///

///

2. Defendant's lead counsel and a person with full and unlimited authority to negotiate and enter into a binding settlement on Defendant's behalf shall attend in person.[1]

3. Those in attendance must be prepared to discuss the claims, defenses and relief sought. The failure of any counsel, party or authorized person subject to this order to appear in person may result in the imposition of sanctions. In addition, the conference will not proceed and will be reset to another date.

4. Each party shall (1) provide a confidential settlement conference statement, described below, to Sujean Park, 501 I Street, Suite 4-200, Sacramento, California, 95814, or via e-mail at spark@caed.uscourts.gov, **to arrive no later than June 6, 2013**, and (2) file a Notice of Submission of Confidential Settlement Conference Statement (See Local Rule 270(d)).

Settlement statements **should not be filed** with the Clerk of the Court **or served on any other party**. Settlement statements shall be clearly marked "confidential" with the date and time of the settlement conference indicated prominently thereon.

The confidential settlement statement shall be **no longer than three pages** in length, typed or neatly printed, and include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, e.g., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

---

[1] The term "full authority to settle" means that the individuals attending the mediation conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989), *cited with approval by Official Airline Guides, Inc. v. Goss*, 6 F. 3d 1385, 1396 (9th Cir. 1993). The individual with full authority to settle must also have "unfettered discretion and authority" to change the settlement position of the party, if appropriate. *Pittman v. Brinker Int'l., Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003), *amended on recon. in part*, *Pitman v. Brinker Int'l, Inc.*, No. CV02-1886PHX DGC, 2003 WL 23353478, at *3 (D. Ariz. 2003). The purpose behind requiring the attendance of a person with full settlement authority is that the parties' view of the case may be altered during the face to face conference. *Pitman*, 216 F.R.D. at 486. An authorization to settle for a limited dollar amount or sum certain can be found not to comply with the requirement of full authority to settle. *Nick v. Morgan's Foods, Inc.*, 270 F. 3d 590, 596-97 (8th Cir. 2001).

1. c. A summary of the proceedings to date.
2. d. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.
3. e. The relief sought.
4. f. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.
5. g. A brief statement of each party's expectations and goals for the settlement conference.

IT IS SO ORDERED.

Dated:   April 5, 2013                    /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE